IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )  <br>  )  <br> Plaintiff,  )  <br>  )  <br> vs.  )  <br>  )  <br> TODD CHARLES MATTHEWS,  )  <br>  )  <br> Defendant.  )  | 8:08CR473 <br><br> ORDER |

This matter is before the court on the defendant's Motion for Disclosure of Brady Material (Doc. 59) and supplemental motion (Doc. 64). The court has considered the government's responses to the original motion (Doc. 61 & Doc. 63).

It appears that the Assistant U.S. Attorney has already provided copies of all proffers made by Thomas Carr, Douglas Cross and Linda Hernandez, and the United States does not possess any "inconsistent statements" made by these individuals.

Turning to the defendant's request for presentence investigation reports for Carr, Cross and Hernandez, "It is generally agreed that 'some showing of special need' is required before a district court should release a PSR to a third party." *United States v. Spotted Elk*, 548 F.3d 641, 672 (8th Cir. 2008), *cert. denied*, 2009 WL 481410 & 2009 WL 666948 (2009) (citing *United States Dep't of Justice v. Julian*, 486 U.S. 1, 12 (1988), and *United States v. Shyres*, 898 F.2d 647, 656 (8th Cir. 1990)). The court has also reviewed the Eighth Circuit's recent decision in *United States v. Garcia*, --- F.3d ----, 2009 WL 996826, Case No. 08-2170 (8th Cir., April 15, 2009), which holds that "where ... the defendant has sought access to a coconspirator's PSR, the government has recognized the possibility that the PSR contains *Brady/Giglio* information and requested *in camera* review, and the district court fails to carry out such a review, the district court abuses its discretion." 2009 WL 996826 at *4.

The circumstances of this case are different than those presented in *Garcia*, and the defendant has not made a showing of special need for the reports sought.

For these reasons,

**IT IS ORDERED:**

1. Defendant's Motion for Disclosure of *Brady* Material (Doc. 59) and supplemental motion (Doc. 64) are denied.

2. Defendant's request to continue trial is denied, and trial remains scheduled for May 5, 2009.

Pursuant to NECrimR 57.2(a), A party may appeal this order by filing a "Statement of Appeal of Magistrate Judge's Order" no later than **Monday, April 27, 2009.**

**DATED April 24, 2009.**

BY THE COURT:

s/ F.A. Gossett
**United States Magistrate Judge**